UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ERIC E. SOWLES, Individually and
on behalf of similarly situated persons,

     Plaintiff.

                                   Case No. 2:19-cv-10254

v.                                 Hon. Terrence G. Berg
                                   Magistrate Judge Mona K. Majzoub

WELTMAN, WEINBERG & REIS CO., LPA,

     Defendant.

_____/

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

For the reasons set forth in the attached Brief in Support, Defendant, Weltman, Weinberg & Reis Co., LPA, respectfully requests that this Honorable Court dismiss with prejudice Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(c).

Concurrence in the relief requested was requested from Plaintiff's counsel in accordance with E.D. Mich. LR 7.1., but was denied.

                            Respectfully submitted,

                            PLUNKETT COONEY

                            By: */s/Jeffrey S. Hengeveld*
                            Jeffrey S. Hengeveld (P66029)
                            Attorneys for Defendant
                            38505 Woodward Ave., Ste. 100
                            Bloomfield Hills, MI  48304
Dated: June 7, 2019             (248) 594-8202

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


ERIC E. SOWLES, Individually and
on behalf of similarly situated persons,

     Plaintiff.

                                     Case No. 2:19-cv-10254
v.                                Hon. Terrence G. Berg
                                  Magistrate Judge Mona K. Majzoub

WELTMAN, WEINBERG & REIS CO., LPA,

     Defendant.

_____/


**BRIEF IN SUPPORT OF DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

# **TABLE OF CONTENTS**

INDEX TO AUTHORITIES................................................................................. ii

STATEMENT OF ISSUES PRESENTED........................................................... v

CONTROLLING OR MOST APPROPRIATE AUTHORITIES............................vi

I.   INTRODUCTION................................................................. 1

II.  STATEMENT OF FACTS ..................................................... 4

III. ARGUMENT ........................................................................ 5

    A. Standard of Review. ....................................................... 5

    B. WWR Is Entitled To The Service of Process Exemption and Is Not A "Debt Collector" For Purposes of Sowles' Claims Under the FDCPA........................................................................... 6

    C. Assuming, Arguendo, WWR Is Debt Collector, WWR Did Not Violate the FDCPA. ...................................................... 12

       1. WWR did not use a post card to communicate with a consumer in violation of § 1692f(7). ........................... 13

       2. Disclosing "Defendant (judgment debtor)" in a glassine window of an envelope does not violate § 1692f(8) or 1692c(b). .................................................................. 15

          a. WWR did not use language or symbols on its envelope. ..................................................... 15

          b. WWR did not violate the purpose of 15 U.S.C. § 1692f(8) or 15 U.S.C. § 1692c(b). ...................... 17

    D. WWR Did Not Violate the MRCPA. .................................. 21

IV.  CONCLUSION..................................................................... 25

i

# INDEX TO AUTHORITIES

## Cases

*Arlington v. Central School Dist. Bd. of Ed. v. Murphy,*
    548 U.S. 291, n.1 (2006) ................................................................................. 14

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)......................................................................................... 5

*Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio,*
    502 F.3d 545 (6th Cir. 2007) ......................................................................... 5

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)......................................................................................... 5

*Cagayat v. United Collection Bureau, Inc.,*
    2019 WL 1934602 (S.D. Ohio May 1, 2019)......................................vi, 16

*Currier v. First Resolution Inv. Corp.,*
    762 F.3d 529 (6th Cir. 2014) ....................................................................... 12

*DeCraene v. Weber & Olcese, P.L.C.,*
    300 F. Supp. 3d 978 (W.D. Mich. 2018).................................vi, 17, 18, 20

*Dinaples v. MRS BPO, LLC,*
    2017 WL 5593471 (W.D. Penn. 2018) ...................................................... 20

*Dodd v. United States,*
    545 U.S. 353 (2005)......................................................................................... 9

*Douglass v. Convergent Outsourcing,*
    765 F.3d 299 (3rd. Cir. 2014)................................................. 14, 16, 19, 20

*Duraney v. Washington Mut. Bank,*
    2008 WL 4204821, *15 (W.D. Pa. Sept. 11, 2008), *aff'd*, 388 Fed. Appx. 102
    (3d Cir. 2010)................................................................................................... 8

*Fed. Home Loan Mortgage Corp. v. Lamar,*
    503 F.3d 504 (6th Cir. 2007) ................................................................12, 21

*Fed. Hous. Admin. v. Burr,*
    309 U.S. 242 (1940).......................................................................................24

*Garcia v. Fry,*
    185 F. Supp.3d 228 (Conn. 2016) ............................................................... 8

ii

*Goswami v. American Collectors*,
    377 F.3d 488 (5th Cir. 2004) ........................................................................ 16

*Havard v. Puntuer*,
    600 F. Supp. 2d 845 (E.D. Mich. 2009)........................................................... 5

*Henson v. Santander Consumer USA Inc.*,
    582 U.S. ––, 137 S.Ct. 1718 (2017) ..................................................vi, 9, 13, 16, 20

*In re Hodges*,
    342 B.R. 616 (E.D. Wash. Br. 2006)............................................................... 20

*In re Receivership of 11910 S. Francis Rd.*,
    821 N.W.2d 503 (Mich. 2012) ....................................................................... 23

*Jackson v. City of Columbus*,
    194 F.3d 737 (6th Cir. 1999), *abrogated on other grounds, Swierkiewicz v.*
    *Sorema N.A.*, 534 U.S. 506 (2002) ................................................................... 6

*Kootnz v. Ameritech Services, Inc.*,
    645 N.W.2d 34 (Mich. 2002)........................................................................ 23

*Obduskey v. McCarthy & Holthus, LLP*,
    586 U.S. ––, 139 S.Ct. 1029 (2019) ........................................... vi, 9, 13, 14, 16, 20

*Romea v. Heiberger & Assocs.*,
    163 F.3d 111 (2d Cir. 1998)......................................................................... 10

*Speicher v. Columbia Twp. Bd. of Trustees*,
    860 N.W.2d 51 (Mich. 2014).....................................................................vi, 23

*Strand v. Diversified Collection*,
    380 F.3d 316 (8th Cir. 2004) ....................................................................... 16

*Sun Valley Foods Co. v. Ward*,
    596 N.W.2d 119 (Mich. 1999)...................................................................... 23

*Sykes v. Mel Harris & Assocs.*, LLC,
    757 F.Supp.2d 413 (S.D.N.Y.2010) ................................................................ 8

*Whitman v. City of Burton*,
    831 N.W.2d 223 (Mich. 2013) ..................................................................... 23

*Wood v. Midland Funding, LLC*,
    698 F. App'x 260 (6th Cir. 2017)...............................................................vi, 18

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................... 5

Fed. R. Civ. P. 12(c) ................................................................. 5, 12, 13, 14, 15, 17, 21, 25

Fed. R. Civ. P. 8(a)(2) ............................................................................................................ 6

Mich. Ct. R. 8.103 ................................................................................................................... 1

**Statutes**

15 U.S.C. § 1692 ........................................................................................................... passim

15 U.S.C. § 1692a(5) ............................................................................................................ 19

15 U.S.C. § 1692a(6) ......................................................................................................... 3, 6

15 U.S.C. § 1692a(6)(D) ................................................................................ 3, 7, 8, 9, 10, 12

15 U.S.C. § 1692c(b) ................................................................................ v, 2, 3, 15, 17, 21

15 U.S.C. § 1692e ........................................................................................................ 11, 17

15 U.S.C. § 1692f ............................................................................................ v, 2, 3, 11, 21

15 U.S.C. § 1692f(7) .......................................................................... i, v, 2, 3, 13, 14, 15

15 U.S.C. § 1692f(8) ............................................ v, 2, 3, 14, 15, 16, 17, 18, 19, 20, 21

MICH. COMP. LAWS § 445.252 .................................................... v, 2, 3, 21, 24, 25

MICH. COMP. LAWS § 8.3a .............................................................................................. 23

MICH. COMP. LAWS § 445.251 ............................................................................ 1, 3, 21

MICH. COMP. LAWS § 445.252(m) ............................................................ v, 2, 3, 21, 25

MICH. COMP. LAWS § 445.252(r) ............................................................... v, 2, 4, 25

MICH. COMP. LAWS § 600.4061 ................................................................ 2, 4, 7, 16, 24

MICH. COMP. LAWS § 600.4061(1) ................................................................................. 8

MICH. COMP. LAWS § 600.4061(3)(c)(i) ....................................................................... 8

MICH. COMP. LAWS § 600.4061a ............................................................................ 2, 4

**Constitutional Provisions**

Mich. Const. 1963 Art. 6 § 3 ............................................................................................. 1

**Miscellaneous**

Black's Law Dictionary (10th ed. 2014) ......................................................................... 24

*Mich. Trial Court Administration Guide* Section (3)(d) ...................................... 1, 7, 21

*Mich. Trial Court Administration Guide* Section (e) ............................................ 1, 7, 21

*Mich. Trial Court Administration Guide* Section 2-02(E)(1)(l) ....................... 1, 7, 21

iv

## STATEMENT OF ISSUES PRESENTED

1.   Whether Plaintiff's claims under the Fair Debt Collection Practices Act in Count I fail to state a claim for which relief can be granted because the alleged disclosure of "Defendant (judgment debtor)" in the glassine window of an envelope does not violate 15 U.S.C. §§ 1692c(b), 1692f(7), or 1692f(8)?

     Defendant answers:  Yes


2.   Whether Plaintiff's claims under the Michigan Regulation of Collection Practices Act in Count II fail to state a claim for which relief can be granted because the alleged disclosure of "Defendant (judgment debtor)" in the glassine window of an envelope does not violate MICH. COMP. LAWS 445.252(m) or MICH. COMP. LAWS 445.252(r)?

     Defendant answers:  Yes

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Obduskey v. McCarthy & Holthus, LLP*, 586 U.S. ––, 139 S.Ct. 1029 (2019)

*Henson v. Santander Consumer USA Inc.*, 582 U.S. ––, 137 S.Ct. 1718, 1725 (2017)

*Cagayat v. United Collection Bureau, Inc.*, 2019 WL 1934602 (S.D. Ohio May 1, 2019)

*DeCraene v. Weber & Olcese, P.L.C.*, 300 F. Supp. 3d 978, 981 (W.D. Mich. 2018)

*Wood v. Midland Funding, LLC*, 698 F. App'x 260 (6th Cir. 2017)

*Speicher v. Columbia Twp. Bd. of Trustees*, 860 N.W.2d 51 (Mich. 2014)

## I.     INTRODUCTION

Plaintiff, Eric E. Sowles ("Sowles"), purports to bring claims against Defendant, Weltman, Weinberg & Reis Co., LPA ("WWR"), for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA"), and the Michigan Regulation of Collection Practices Act, MICH. COMP. LAWS 445.251 *et seq.* ("MRCPA"), arising out of WWR's statutorily required service of a State Court Administrative Office ("SCAO") approved garnishment form MC 52. Under the direction of the Michigan Supreme Court and pursuant to the Michigan Constitution and Michigan Court Rules, the SCAO is responsible for assisting in the administration of justice.  Mich. Const. 1963 Art. 6 § 3 and Mich. Ct. R. 8.103.  The SCAO's *Michigan Trial Court Administration Reference Guide* expressly states that SCAO-approved forms are designed to be sent in a standard window envelope; are in compliance with statutes and court rules; and, are designed to achieve efficiency and clarity in processing.  *Mich. Trial Court Administration Guide* Section 2-02(E)(1)(l) and (3)(d) and (e).  In this context, the SCAO form MC 52 is required to be used when garnishing the Michigan Department of Treasury for a state tax refund.

WWR obtained a judgment on behalf of its client against Sowles and thereafter served him with the SCAO-approved form MC 52 to garnish his state tax refund.  WWR used an envelope with a glassine window to serve the

1

garnishment form on Sowles, which service is required by MICH. COMP. LAWS 600.4061 and 600.4061a.   Sowles indicates that the words "Defendant (judgment debtor)" on the garnishment form placed inside the envelope were visible through the glassine window, as set forth in Exhibit A to the Complaint.

Sowles alleges that disclosing "Defendant (judgment debtor)" through the glassine window violates § 1692c(b), which prohibits communicating with any person other than the consumer in connection with the collection of any debt; § 1692f(7), which prohibits communicating with a consumer regarding a debt by post card; and, § 1692f(8), which prohibits "[u]sing any language or symbol, other than the debt collector's address, on an envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

Sowles also asserts disclosing "Defendant (judgment debtor)" violates MICH. COMP. LAWS 445.252(m), which states that "a regulated person shall not... us[e] a shame card, shame automobile, or otherwise bring to the public notice that the consumer is a debtor, except with respect to a legal proceeding which is instituted," and MICH. COMP. LAWS 445.252(r), which prohibits a "regulated person" from communicating with a consumer regarding a debt by post card.

2

Sowles' claims under the FDCPA and MRCPA fail as a matter of law for multiple reasons. First, WWR was not acting as a "debt collector" as defined by 15 U.S.C. § 1692a(6) when it served the SCAO-approved garnishment form on Sowles and is therefore entitled to the service of process exemption under 15 U.S.C. § 1692a(6)(D). Second, should the Court find WWR is not entitled to relief under 15 U.S.C. § 1692a(6)(D), WWR did not use a post card, or any equivalent, to communicate with a consumer regarding a debt and therefore did not violate 15 U.S.C. § 1692f(7). Third, WWR did not violate 15 U.S.C. § 1692f(8) because it did not use any language or symbol *on* any envelope when communicating with a consumer by use of the mails that would disclose to a third party that WWR was attempting to collect a consumer debt. WWR used the SCAO-approved form in the manner that it was intended to be used and pursuant to state statute. Fourth, disclosure of "Defendant (judgment debtor)" through a glassine window does not violate 15 U.S.C. § 1692f(8) or 15 U.S.C. § 1692c(b) because it is "benign language" drafted by the State of Michigan and does not disclose the collection of consumer debt. Fifth, WWR did not violate MICH. COMP. LAWS 445.252(m) because WWR served the SCAO-approved garnishment form on Sowles "with respect to a legal proceeding which is instituted." Sixth, WWR did not violate MICH. COMP.

3

LAWS 445.252(r) because it did not use a post card, or any equivalent, to communicate with Plaintiff.

As set forth in detail below, Plaintiff's claims against WWR are properly dismissed pursuant to Fed. R. Civ. P. 12(c).

## II.    STATEMENT OF FACTS

WWR obtained a judgment on behalf of its client against Sowles.  WWR thereafter served Sowles with a SCAO-approved garnishment form MC52 for his state tax refund as is required by MICH. COMP. LAWS 600.4061 and 600.4061a.  WWR completed the garnishment form using information from the judgment and used an envelope with a glassine window to mail the garnishment form to Sowles.

Sowles indicates that the words "Defendant (judgment debtor)" on the garnishment form were visible through the glassine window of the envelope and could be seen by his U.S. postal carrier and were in the field of view of any person looking at the name and address of the recipient of the SCAO-approved garnishment form.  (ECF No. 1, ¶¶ 19, 31, 32 and Ex. A)  Sowles states that WWR purposely folded the SCAO-approved garnishment form MC52 so that his name and address would be visible through the envelope's glassine window.  (ECF No. 1 ¶ 26)  He also speculates that WWR used a machine to fold and stuff the envelope at issue.  (ECF No. 1 ¶ 28)

4

Sowles' claims fail as a matter of law for the reasons set forth below.

## III.   ARGUMENT

### A.   Standard of Review.

Fed. R. Civ. P. 12(c) authorizes this Court to enter a judgment on the pleadings. "[M]otions under Rules 12(b)(6) and 12(c) are analyzed under the same legal standard . . . ." *Havard v. Puntuer*, 600 F. Supp. 2d 845, 848 (E.D. Mich. 2009).  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007).  While this Court accepts as true all factual allegations, it need not accept legal conclusions.  Indeed, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss*." Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Although the decision in *Twombly* does not change the notice-pleading standards, it does require a plaintiff's complaint to contain "more than labels and conclusions."  *Id.* at 678.

The determination of whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id. at* 679.  "Where the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n] ... that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Despite the general rule, a court may consider a document outside the pleadings if the pleadings refer to it. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). "Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." *Id.* (Internal citations omitted)

## B. WWR Is Entitled To The Service of Process Exemption and Is Not A "Debt Collector" For Purposes of Sowles' Claims Under the FDCPA.

To state a claim for violation of the FDCPA, Sowles must first prove that WWR is a "debt collector" as defined in 15 U.S.C. § 1692a(6). Section 1692a(6) defines "debt collector" as "...any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." However, the term "debt collector" does not include "any person while serving or attempting to serve legal process on

any other person in connection with the judicial enforcement of any debt." 15 U.S.C. §1692a(6)(D).

Sowles' claims against WWR's arise from and are limited to the manner in which WWR served the SCAO-approved garnishment form. In particular, Sowles' claims are limited to WWR's use of an envelope with a glassine window to serve the garnishment form, which he alleges was used to avoid costs associated with having to print the recipient's name and address on a non-glassine window envelope. (ECF No. 1 ¶ 29) Indeed, the SCAO-approved garnishment form MC52 is specifically designed and formatted to be used with a glassine windowed envelope and the purpose of having a form approved by the SCAO is to ensure it is in compliance with the statutes and court rules and will be accepted by the Michigan Department of Treasury to garnish a state tax refund. *See Mich. Trial Court Administration Guide* Section 2-02(E)(1)(l) and (3)(d) and (e).

The SCAO-approved garnishment form is "legal process" and was served on Sowles in connection with the judicial enforcement of a debt as required by MICH. COMP. LAWS 600.4061. MICH. COMP. LAWS 600.4061 specifically refers to "service" of "garnishment process," stating, "A plaintiff shall serve garnishment process issued from a court in Michigan against the state of Michigan upon the state treasurer..." and "[i]f the writ of garnishment is for a

7

state tax refund or credit, serve a copy of the writ of garnishment upon the defendant in the manner prescribed by the Michigan court rules."   MICH. COMP. LAWS 600.4061(1) and 600.4061(3)(c)(i); *see also*, *Garcia v. Fry*, 185 F. Supp.3d 228 (Conn. 2016) (applying service of process exemption in 15 U.S.C. § 1692a(6)(D) to service of a wage garnishment).

Sowles' claims arise solely from the manner in which WWR served the SCAO-approved garnishment form and from not any information WWR input onto the form itself or any other action WWR undertook in attempting to collect a debt from Sowles.  In *Duraney v. Washington Mut. Bank*, 2008 WL 4204821, *15 (W.D. Pa. Sept. 11, 2008), *aff'd*, 388 Fed. Appx. 102 (3d Cir. 2010), the court held that the service of process exemption in 15 U.S.C. § 1692a(6)(D) applied to a foreclosure attorney's responsibility to have the sheriff publish a foreclosure notice in a newspaper as required by state law. Courts have held that, "[p]rocess servers whose involvement is merely 'limited to serving the [debt collection] communication on the consumer—in effect, to being messengers'—are exempt [from the definition of debt collector]."  *See, e.g., Sykes v. Mel Harris & Assocs.,* LLC, 757 F.Supp.2d 413, 423 (S.D.N.Y.2010).  Here, similar to *Duraney and Sykes*, WWR's only complained of actions are limited to its legally required obligation to serve a copy of the garnishment form on Sowles in his capacity as the defendant, judgment

8

debtor.  Under these circumstances, the Court should find WWR is entitled to the service of process exemption in 15 U.S.C. § 1692a(6)(D).

Sowles may argue that 15 U.S.C. § 1692a(6)(D) only applies to process servers or that WWR's actions go beyond merely serving the garnishment form.  However, these arguments do not save Sowles' claims for several reasons.

First, the plain language of 15 U.S.C. § 1692a(6)(D) does not limit the section to process servers; instead, it refers to "any person" serving or attempting to serve legal process.  The Supreme Court's two most recent opinions regarding the FDCPA reaffirm that courts must interpret the FDCPA as it is written and presume the "legislature says what it means and means what it says." *See Henson v. Santander Consumer USA Inc.*, 582 U.S. ––, 137 S.Ct. 1718, 1725 (2017) (*quoting Dodd v. United States*, 545 U.S. 353, 357 (2005) and further stating, "[W]hile it is of course our job to apply faithfully the law Congress has written, it is never our job to rewrite a constitutionally valid statutory text ...."), and *Obduskey v. McCarthy & Holthus, LLP*, 586 U.S. ––, 139 S.Ct. 1029 (2019)(giving effect to every word of the definitions in the FDCPA and stating that "First, and most decisive, is the text of the Act itself.").  The plain language of 15 U.S.C. § 1692a(6)(D) does not limit "any person," including those who are a "debt collector" under 15 U.S.C. § 1692a(6), from

9

being entitled to the service of process exemption "while serving or attempting to serve legal process…"  That is exactly the case here.  While WWR may otherwise be a "debt collector" in its attempt to collect a debt from Sowles, the service of process exemption nevertheless applies to WWR's actions while serving the garnishment process.

Second, although the Second Circuit in *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 116-18 (2d Cir. 1998) addressed in *dicta* whether the service of process exemption in 15 U.S.C. § 1692a(6)(D) applies to attorneys, the Sixth Circuit and no district court in Michigan have addressed the issue.  In *Romea*, the Second Circuit held the defendant law firm was not entitled to the service of process exemption under 15 U.S.C. § 1692a(6)(D) because the communication at issue was not "legal process," but rather a prerequisite for an Article 7 proceeding, and because the law firm's involvement extended beyond mere service of the notice on plaintiff.  *Romea*, 163 F.3d at 118.  Here, unlike *Romea,* there is no credible dispute that the SCAO-approved garnishment form is "legal process" that was served in connection with the judicial enforcement of a debt, rather than a prerequisite to a legal action like in *Romea*.

Further, WWR did not create, draft, or otherwise alter the SCAO-approved garnishment form or the purportedly violative language of

10

"Defendant (judgment debtor)."   WWR merely input already public information from the judgment onto the form, including Sowles' name and address disclosed in the glassine window of the envelope.  WWR's complained of actions relate solely to its administrative actions involved in serving Sowles with the SCAO-approved garnishment form, including allegedly using a machine to fold the SCAO-approved form and stuff it into the envelope.  (ECF No. 1 ¶¶ 26 and 28)  Sowles makes no allegations related to any action of WWR beyond mere service of process.

Third, the Second Circuit raised concern about applying 15 U.S.C. § 1692a(6)(D) to attorneys because it could create a wholesale exemption for anyone who prepares a communication to a consumer.  *Id.* at 117.  This concern is wholly misplaced because other sections of the FDCPA already comprehensively regulate a debt collector's communication and conduct.  *See, e.g.,* 15 U.S.C. § 1692e that prohibits "misleading" practices and 15 U.S.C. § 1692f that prohibits "unfair" practices.  WWR is not arguing to expand the service of process exemption to all of its communications or actions otherwise taken in an attempt to collect a debt, but rather apply the service of process exemption in this case because the claims arise solely out of WWR's statutorily required service of legal process of a court approved form.

11

Given the circumstances, WWR is entitled to the service of process exemption under 15 U.S.C. § 1692a(6)(D) and Sowles' claims are properly dismissed pursuant to Fed. R. Civ. P. 12(c).

**C.   Assuming, Arguendo, WWR Is Debt Collector, WWR Did Not Violate the FDCPA.**

Assuming, *arguendo*, that the Court finds WWR is a "debt collector" subject to the FDCPA, Sowles claims must still be dismissed because he fails to state a claim upon which relief can be granted and WWR is entitled to dismissal as a matter of law.

The Sixth Circuit has adopted the "least sophisticated consumer" standard for evaluating whether a defendant has engaged in unfair or unconscionable conduct in violation of 15 U.S.C. § 1692f. *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529 (6th Cir. 2014). As applied, this standard is objective and is designed "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 509 (6th Cir. 2007). "Although this standard protects naïve consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* at 509-510. That is exactly the case here.

12

Sowles claims under the FDCPA are the very type of bizarre and idiosyncratic interpretations that are not actionable and must be dismissed pursuant to Fed. R. Civ. P. 12(c).

### 1. WWR did not use a post card to communicate with a consumer in violation of § 1692f(7).

Section 1692f(7) prohibits "[c]ommunicating with a consumer regarding a debt by post card." Sowles does not allege that WWR communicated with him by post card. Instead, he claims that the use of an envelope with a glassine window is no different than communicating with a consumer via a post card because both allow anyone who sees the document to read the visible text. (ECF No. 1 ¶ 45) This claim fails for several reasons.

First, 15 U.S.C. § 1692f(7) expressly prohibits communicating with a consumer by post card and the statute must be enforced as written. *See Henson,* 137 S.Ct. at 1725 and *Obduskey,* 139 S.Ct. at 1036. Sowles must prove that WWR communicated with him using a "post card." Merriam-Webster defines "postcard" as, "a card on which a message may be written for mailing without an envelope and to which the sender must affix a stamp." WWR did not use a post card to communicate with Sowles, nor does Sowles allege that WWR used a post card to communicate with him. To the contrary, Sowles alleges that WWR used an envelope with a glassine window to serve him with

13

the SCAO-approved form, which on its face is not the use of a post card.  (ECF No. 1 ¶19)  For this reason alone Sowles' claim for violation of 15 U.S.C. § 1692f(7) fails as a matter of law and is properly dismissed pursuant to Fed. R. Civ. P. 12(c).

Second, Sowles' novel attempt to stretch the specific prohibition on using a post card to communicate with a consumer in 15 U.S.C. § 1692f(7) into a broader prohibition of using an envelope he claims is the equivalent of using a post card should be rejected.  Sowles' interpretation of 15 U.S.C. § 1692f(7) would render the regulation of envelopes in 15 U.S.C. § 1692f(8) superfluous and contrary to how the Supreme Court dictates the FDCPA should be interpreted.  *See Obduskey,* 139 S.Ct. at 1037(courts "generally presume that statutes do not contain surplusage") (*quoting Arlington v. Central School Dist. Bd. of Ed. v. Murphy*, 548 U.S. 291, 299, n.1 (2006)).

Further, the use of a post card would presumably disclose to a third party more information than just "Defendant (judgment debtor)," which is the language Sowles claims somehow violates 15 U.S.C. § 1692f(7).  For example, the use of a post card would presumably disclose Sowles' debt or account information, which courts have found is a violation of 15 U.S.C. § 1692f(8). *See, e.g., Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd. Cir. 2014) (finding disclosure of consumer's account number violates § 1692f(8)).

14

For these reasons, Sowles' claim for violation of 15 U.S.C. § 1692f(7) fails as a matter of law and should be dismissed pursuant to Fed. R. Civ. P. 12(c).

> **2.** **Disclosing "Defendant (judgment debtor)" in a glassine window of an envelope does not violate § 1692f(8) or 1692c(b).**

Section 1692f(8) prohibits "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."   Section 1692c(b) prohibits communicating with any person other than the consumer in connection with the collection of any debt.

> **a.** **WWR did not use language or symbols on its envelope.**

WWR did not violate 15 U.S.C. § 1692f(8) because it did not use any language or symbol *on* an envelope when communicating with Sowles that indicates it is in the debt collection business.   Sowles does not allege that the use of Weltman Weinberg & Reis Co., LPA, the only language *on* the envelope, violates § 1692f(8).   Instead, Sowles' claims arise from the disclosure of the language on the SCAO-approved garnishment form *through* a glassine window.   The Court should construe 15 U.S.C. § 1692f(8) as written to pertain

only to symbols or language *on* an envelope that indicate the purpose of the letter is consumer debt collection. *See Henson* and *Obduskey.*

At the same time, courts have warned that 15 U.S.C. § 1692f(8) should not be read to create absurd results. *Cagayat v. United Collection Bureau, Inc.*, 2019 WL 1934602 (S.D. Ohio May 1, 2019) (slip copy) (*citing Goswami v. American Collectors*, 377 F.3d 488, 492-93 (5th Cir. 2004), *Strand v. Diversified Collection*, 380 F.3d 316, 318 (8th Cir. 2004)), and *Douglass*, 765 F.3d at 306 n. 9). In *Cagayat*, the plaintiff alleged "Collection Bureau" could be seen through the glassine window of an envelope, although the court found otherwise. In granting the defendant's motion to dismiss, the court held that even if "Collection Bureau" was visible through the glassine window, it was not conspicuously marked on the outside of the envelope. Instead, the words "Collection Bureau" were printed on the inside portion of the letter, which was necessary for the defendant to collect the debt. *Id.* at * 3.

Here, similar to *Cagayat*, language disclosed through the glassine window was part of the SCAO-approved garnishment form that was statutorily required to be served on Sowles pursuant to MICH. COMP. LAWS 600.4061 and necessary in an attempt to garnish the state tax refund.

Construing 15 U.S.C. § 1692f(8) to pertain only to symbols or language *on* an envelope does not lead to an absurd result because any concern about a

16

debt collector communicating with a consumer using "misleading" practices is already addressed in § 1692e, or using "unfair" practices is already addressed in other sections of § 1692f.

Because Sowles claims are limited to the language of the SCAO-approved form itself and not any symbol or language *on* an envelope, Sowles cannot maintain a claim for violation of 15 U.S.C. § 1692f(8) and the Court properly dismisses his claim pursuant to Fed. R. Civ. P. 12(c).

### b. WWR did not violate the purpose of 15 U.S.C. § 1692f(8) or 15 U.S.C. § 1692c(b).

The disclosure of "Defendant (judgment debtor)" through the envelope's glassine window does not disclose the attempt to collect consumer debt, nor does it frustrate the purpose of 15 U.S.C. § 1692f(8) or § 1692c(b). Judge Jonker recently stated that "the purpose of this specific provision is apparently to prevent embarrassment resulting from a conspicuous name on the envelope, indicating that the contents pertain to debt collection." *DeCraene v. Weber & Olcese, P.L.C.*, 300 F. Supp. 3d 978, 981 (W.D. Mich. 2018). The words "Defendant (judgment debtor)" do not disclose anything related to the alleged consumer debt at issue.  For example, the language appearing in the glassine window does not disclose the amount, type, or any characteristic of the debt at issue.  Instead, at best, it discloses already public information

17

that Sowles is a "Defendant" and "judgment debtor," which was publicly disclosed when the judgment was entered against him and he failed to pay the judgment.  It was further made public when WWR filed a SCAO-approved form MC 94 Notice of Judgment Lien with the Montcalm County Register of Deeds that disclosed "Judgment debtor's name and address" above Sowles' name and address.  Sowles cannot claim WWR publicly embarrassed him by disclosing a fact that was already publicly available and sending him a garnishment form as required by Michigan law.  *See Wood v. Midland Funding, LLC*, 698 F. App'x 260 (6th Cir. 2017) (holding that publication in a local newspaper of an order for alternate service of a collection lawsuit that included "fulsome detail" of the debt was not "harassing or abusive conduct" and does not violate the FDCPA).

Moreover, the words "Defendant (judgment debtor)" in the glassine window of the envelope fall within the "benign language" exception to 15 U.S.C. § 1692f(8), which courts have repeatedly found applies to innocuous markings that do not reveal they pertain to debt collection.  *See DeCraene* 300 F.Supp.3d at 982(numerous citations).  In *DeCraene*, Judge Jonker held that disclosure of "v" and "Defendant" printed on an SCAO-approved form of subpoena through a glassine window of an envelope did not violate §

1692f(8) because it was "benign language" that does not reveal they pertain to debt collection and indicate nothing more than an interest in litigation.

With the disclosure of "Defendant" having been deemed benign language, the disclosure of "judgment debtor" is equally benign because it does not disclose the contents in the envelope pertain to the collection of consumer "debt" as defined by 15 U.S.C. § 1692a(5).  The term "judgment debtor" could just as likely apply to a judgment for commercial debt, such as a guarantor of commercial loan, or a judgment that was the result of a tort, such as an auto accident.  It is axiomatic that the FDCPA only applies to "debt" as defined in 15 U.S.C. § 1692a(5), and does not apply to commercial or other non-consumer debts.  Thus, disclosure of "Defendant" and "judgment debtor" in the glassine window of an envelope is "benign language" that does not disclose the attempt to collect consumer debt to a third party.

Sowles will likely argue that the Court should adopt the reasoning of Third Circuit in *Douglass*, which involved the disclosure of the plaintiff's account number through a glassine window of an envelope.  *Douglass* is a widely criticized opinion that has not adopted by the Sixth Circuit, nor is it binding on this Court.  Nevertheless, the Third Circuit construed the text of 15 U.S.C. § 1692f(8) to apply to a plaintiff's account number displayed *through* a glassine window of an envelope, rather than language *on* an envelope as the

19

statute reads. *Douglass* 765 F.3d at 302. However, both *Henson* and *Obduskey* were decided after *Douglass,* making clear that the Supreme Court's methodology for interpreting the FDCPA begins with the plain language of the Act itself. If the Court interprets 15 U.S.C. § 1692f(8) as written, then it should conclude that WWR did not use any language or symbols *on* its envelope that would indicate the purpose of the letter is consumer debt collection.

Additionally, *Douglass* did not decide whether the "benign language" exception applied in that case because it found the plaintiff's account number was not benign. Sowles will likely also reference other cases that have held account information contained in a Quick Response Code on the outside of an envelope violated 15 U.S.C. § 1692f(8) or where the information in a window envelope disclosed, "You have a total of $1,278.04 owing at this...." *See Dinaples v. MRS BPO, LLC*, 2017 WL 5593471 (W.D. Penn. 2018) and *In re Hodges*, 342 B.R. 616 (E.D. Wash. Br. 2006). These cases are all distinguishable because they involve the disclosure of information related to the consumer's specific debt, which is not the case here.

Sowles may also attempt to distinguish *DeCraene* as only involving the disclosure of "Defendant" and argue that disclosure of "Defendant (judgment debtor)" leaves an unmistakable identification of Sowles as a "debtor." However, *DeCraene* involved the use of a SCAO-approved form subpoena,

20

which language on that form, "Defendant", was found to be benign.  A similar SCAO-approved form was used here and the language on that SCAO-approved garnishment form should be afforded a similar status as "benign" because it does not disclose the contents of the envelope pertain to consumer debt collection regulated by the FDCPA.  A finding that the SCAO-approved garnishment form violates the FDCPA would upend the stated purpose of using SCAO-approved forms to ensure the efficient compliance with statutes and court rules applicable to garnishing the Michigan Department of Treasury. *See Mich. Trial Court Administration Guide* Section 2-02(E)(1)(l) and (3)(d) and (e).  It would also produce a bizarre and idiosyncratic interpretation of the FDCPA that the Sixth Circuit and other courts have ruled is unfair to debt collectors and should be avoided by this Court.  See *Fed. Home Loan Mortgage Corp.,* F.3d at 510.

For these reasons, Sowles claims for violation of 15 U.S.C. § 1692f(8) and 15 U.S.C. § 1692c(b) fail as a matter of law and are properly dismissed pursuant to Fed. R. Civ. P. 12(c).

**D.    WWR Did Not Violate the MRCPA.**

Sowles' claims under the MRCPA fail as a matter of law.  MICH. COMP. LAWS 445.252(m)(emphasis added) states that a "regulated person shall not …(m) us[e] a shame card, shame automobile, or otherwise bring to the public

21

notice that the consumer is a debtor, **except with respect to a legal proceeding which is instituted**."   No Michigan court has interpreted this particular subsection of the statute.   Therefore, the Court should be acutely aware of following federalism concerns when interpreting state law:

> "A federal court must always be aware of the federalism concerns that arise whenever it deals with state statutes." *Eubanks v. Wilkinson,* 937 F.2d 1118, 1125 (6th Cir.1991). "Federal courts lack authority and power to give a limiting, narrowing construction to a state statute." *Id.* (citations omitted). "It is axiomatic that state courts are the final authority on state law." *Hutchison v. Marshall,* 744 F.2d 44, 46 (6th Cir.1984). "State statutes mean what state courts say they mean." *Id.* (*citing R.R. Comm'n of Tex. v. Pullman Co.,* 312 U.S. 496, 499–500, 61 S.Ct. 643, 85 L.Ed. 971 (1941)); *see also Estate of Tenenbaum v. Comm'r of Internal Revenue,* 112 F.3d 251, 252 (6th Cir.1997).
>
> "When there is no state [case]law construing a state statute, [we] must predict how the state's highest court would interpret the statute." *FDIC v. Jeff Miller Stables,* 573 F.3d 289, 298 (6th Cir.2009)(*quoting United States v. Simpson,* 520 F.3d 531, 535 (6th Cir.2008))(alterations in original). Ordinarily, "a state's intermediate appellate court decisions are the best authority in the absence of any supreme court precedent ...." *Simpson,* 520 F.3d at 536. Where a state's intermediate appellate courts have not decided an issue, courts "apply the general rules of statutory construction as embraced by the [state's] judiciary." *Id.; see also Finstuen v. Crutcher,* 496 F.3d 1139, 1148 (10th Cir.2007) (citations omitted).

*Bd. of Educ. of Shelby Cty., Tenn. v. Memphis City Bd. of Educ.*, No. 11-2101, 2011 WL 3444059, at *31 (W.D. Tenn. Aug. 8, 2011), *decree aff'd sub nom. Bd. of Educ. of Shelby Cty., Tennessee v. Memphis City Bd. of Educ.*, No. 11-2101, 2011 WL 13130644 (W.D. Tenn. Sept. 28, 2011).

The rules of statutory construction in Michigan are well established. *Sun Valley Foods Co. v. Ward*, 596 N.W.2d 119, 123 (Mich. 1999). The Michigan Supreme Court has made clear that when engaging in statutory interpretation, "[its] goal is to give effect to the intent of the Legislature by focusing on the statute's plain language." *Speicher v. Columbia Twp. Bd. of Trustees*, 860 N.W.2d 51 (Mich. 2014). "When construing statutory language, [the court] must read the statute as a whole and in its grammatical context, giving each and every word its plain and ordinary meaning unless otherwise defined." *In re Receivership of 11910 S. Francis Rd.*, 821 N.W.2d 503 (Mich. 2012). "If the language of the statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Whitman v. City of Burton*, 831 N.W.2d 223 (Mich. 2013). "Undefined statutory terms are presumed by a court to have their ordinary meaning, unless they have acquired a peculiar and appropriate meaning in the law, in which case the court accords them that meaning." MICH. COMP. LAWS § 8.3a and *Kootnz v. Ameritech Services, Inc.*, 645 N.W.2d 34 (Mich. 2002). The Court may consult dictionary definitions to discern the meaning of an undefined term. *Koontz*, 645 N.W.2d at 39.

In this case, the SCAO-approved garnishment form was served on Sowles "with respect to a legal proceeding which is instituted." Although

23

MICH. COMP. LAWS § 445.252 does not define "legal proceeding," Black's Law Dictionary defines "legal proceeding" as, "[a]ny proceeding authorized by law and instituted in a court or tribunal to acquire a right or to enforce a remedy. Black's Law Dictionary (10th ed. 2014).

A garnishment proceeding is a "legal proceeding" because it is authorized by law, MICH. COMP. LAWS 600.4061, and seeks to enforce a remedy under the law. Further context for a garnishment proceeding being included as a "legal proceeding" is found in the title of Michigan Court Rule Chapter 3, titled "Special Proceedings and Actions," which authorizes the use of garnishments post-judgment.

Additionally, the Supreme Court examined the garnishment process under Michigan law and concluded it is a legal proceeding:

> Clearly the words 'sue and be sued' in their normal connotation embrace all civil process incident to the commencement or continuance of legal proceedings. Garnishment and attachment commonly are part and parcel of the process, provided by statute, for collection of debts. In Michigan a writ of garnishment is a civil process at law, in the nature of an equitable attachment.

*Fed. Hous. Admin. v. Burr*, 309 U.S. 242, 246 (1940).

Given this authority, there is no credible dispute that WWR served Sowles with the garnishment form "with respect to the legal [garnishment]

proceeding which is instituted" and Sowles' claim for violation of MICH. COMP. LAWS 445.252(m) fails as a matter of law.

Similarly, Sowles' claim for violation of MICH. COMP. LAWS 445.252(r) fails as a matter of law.   MICH. COMP. LAWS 445.252(r) prohibits communicating with a consumer regarding a debt by post card.  For the same reasons set forth above, namely that Sowles does not allege WWR communicated with him using a post card, nor did WWR actually use a post card, Sowles' claim for violation of MICH. COMP. LAWS 445.252(r) fails a matter of law and is properly dismissed pursuant to Fed. R. Civ. P. 12(c).

## IV.   CONCLUSION

For these reasons, Defendant Weltman, Weinberg & Reis, Co., LPA, respectfully requests that Plaintiff's Complaint be dismissed with prejudice, and that Defendant be granted such other relief as is just.

PLUNKETT COONEY

By: */s/Jeffrey S. Hengeveld*
Jeffrey S. Hengeveld (P66029)
Attorneys for Defendant
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI  48304
(248) 594-8202

Dated: June 7, 2019

**PROOF OF SERVICE**

The undersigned certifies that on June 7, 2019, he served a copy of the foregoing document to all counsel of record via the ECF E-Filing System for the United States District Court.   I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

Signature:   /s/ Jeffrey S. Hengeveld

Open.19910.90624.22233190-1

26